UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KENNETH S.,[1] | Case No. 6:20-cv-00736-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Kenneth S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in February 2017 with an amended alleged onset date of October 26, 2016. Tr. 246–53.[2] Plaintiff's application was denied initially in January 2019 and again upon reconsideration in April 2019. Tr. 97, 113, 131, 149. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held in March 2019. Tr. 34–58. On March 20, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 16–20. The Appeals Council denied Plaintiff's request for review. Tr. 1–3. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 55 years old on his alleged onset date. Tr. 39. He obtained a general education development ("GED") and has past relevant work experience as a truck driver and landscaper. Tr. 274. Plaintiff alleges disability based on type 2 diabetes, diabetic neuropathy, depression with psychotic features, anxiety, post-traumatic stress disorder ("PTSD"), bulging discs in his back, and obsessive-compulsive disorder ("OCD"). Tr. 273.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v.*

---

[2] Plaintiff previously filed for SSI and DIB in August 2013, with an alleged onset date of October 1, 2012, and was found not disabled within the meaning of the Act. Tr. 59. "Tr." citations are to the Administrative Record. ECF No. 21.

*Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed

impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, hearing loss, bilateral right shoulder impingement, partial sacralization of L5 on the right and lower back pain, hypertension, pancreatitis, asthma, diabetes mellitus, major depressive disorder, and anxiety. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff had the RFC to perform medium work with the following limitations:

> [He could] occasionally reach overhead with the right upper extremity. He [could] be exposed to no more than moderate noise level. He [could] understand and remember short, simple job instructions. He [could] perform simple, routine, and repetitive tasks. He [could] maintain attention and concentration for two-hour intervals to complete such task without more than the normally expected brief interruptions. He [could] tolerate superficial public contact.

Tr. 22.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 28. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. Tr. 29. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 30.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony; and (2) the ALJ erred in weighing the medical opinion evidence.

### I. Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of his subjective symptom testimony. Pl.'s Op. Br. 9–12, ECF No. 22. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d

915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff testified that he had delusions, nightmares, depression, and anxiety. Tr. 50. His back pain had progressively worsened since his previous ALJ hearing, and he could "barely load the dishwasher without having to stop and sit down" or sweep the floor. Tr. 44. He did not drive places, and instead used a medical cab service to take him to appointments and the grocery store. Tr. 45–46. He cooked using a microwave. Tr. 46. Plaintiff experienced foot pain and estimated that he could only walk less than 700 feet before requiring rest. Tr. 53.

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

The ALJ rejected Plaintiff's subjective symptom testimony. Tr. 23. The Commissioner asserts this was proper because Plaintiff's subjective complaints were inconsistent with the evidence in the record. Def.'s Br. 4–6, ECF No. 25.

In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at [their] hearing do not comport with objective medical evidence in [their] medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim v. Colvin*, 763 F.3d. 1154, 1164 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Moreover, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the record reveals that Plaintiff's subjective complaints, relating to his mental and physical impairments, were consistent with medical records. For example, in July 2017 Plaintiff presented as disheveled with a tense mood, anxious affect, and reported that he felt "hopeless about [the] situation and fe[lt] he [would] not ever[ ] feel relief from anxiety and depression." Tr. 936; *see also id.* ("Depression and panic ongoing with periods of hallucinations and psychosis."). In September 2017, Plaintiff reported lower back pain that was "aggravated with bending, standing, and walking." Tr. 1057. In December 2017, treatment notes reflected that Plaintiff felt depressed, that his back pain was "killing him," as well as serious pain in his hips. Tr. 1091. In August 2018, Plaintiff presented with pain in his legs. Tr. 1152. In a January 2019 evaluation, Plaintiff checked yes to the question "[d]o you often feel sad

or depressed?" Tr. 1143. Accordingly, the medical record in this case was not a legally sufficient reason to reject Plaintiff's subjective symptom testimony.

## II.     Medical Evidence

Plaintiff next contends that the ALJ improperly assessed the medical evidence of record. Pl.'s Op. Br. 12–20, ECF No. 22. The ALJ is responsible for resolving conflicts in the medical record, including conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians:  treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[4] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

A treating physician's opinion that is not contradicted by the opinion of another doctor can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) (citation omitted). Where a treating physician's opinion is contradicted, however, the ALJ must provide "specific, legitimate reasons" for discrediting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (citation omitted). Similarly, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31. Lastly, "[a]n ALJ 'may reject the opinion of a non-examining

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

physician by reference to specific evidence in the medical record.'" *Jason W. v. Comm'r of Soc. Sec. Admin.*, No. 6:18-cv-00483-JR, 2018 WL 6701273, at *2 (D. Or. Dec. 20, 2018) (citing *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998)).

### A.     Brett Robinson, M.D.

Dr. Robinson served as Plaintiff's primary treating physician. Tr. 1046. The doctor diagnosed Plaintiff with Type 2 diabetes, hypertension, asthma, back pain, leg pain, peripheral neuropathy, degenerative disc disease, and lumbar disorder. *Id.* Dr. Robinson also opined that Plaintiff would have to "lie down and . . . stretch occasionally" if required to work for eight hours, and that he was only capable of standing or walking for 30 minutes at one time. Tr. 1047. Finally, the doctor opined that Plaintiff would miss work two days per month because of his impairments. Tr. 1048.

The ALJ gave no weight to Dr. Robinson's opinion. Tr. 26. The Commissioner argues this was proper because Dr. Robinson's opinion was inconsistent with the record. Def.'s Br. 10.

"A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider." *Ghanim*, 763 F.3d at 1161. However, "such observations must be 'read in context of the overall diagnostic picture' the provider draws." *See Ghanim*, 763 F.3d. at 1162 (citation omitted); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) ("[T]he ALJ selectively relied on some entries in [the claimant's] records . . . and ignored the many others that indicated continued, severe impairment."); *cf. Lester*, 81 F.3d at 833 ("Occasional symptom-free periods . . . are not inconsistent with disability."). "The fact that a person suffering from depression makes some improvement does not mean that the person's impairment [ ] no longer

seriously affect[s] [their] ability to function in a workplace." *Ghanim*, 763 F.3d at 1162 (citation omitted).

Here, the medical records cited by the ALJ were not inconsistent with Dr. Robinson's opinion. *Compare* Tr. 1046–48 (Dr. Robinson's opinion), *with* Tr. 1152 (rehabilitation specialist reporting the pain was worst at the L5 region, right SI joint over the hip and down the right leg was worse than the left); Tr. 1156 (Dr. Hook opining that a musculoskeletal exam reveals pain limits range of motion in the bilateral lower extremities, transitions from sitting to standing and standing to sitting slow and labored); Tr. 1051–52 (cardiologist Dr. Kamineni opining hypertension, and history of abnormal electrocardiogram); Tr. 1057 (PA-C Hoke opining pain in bilateral lower back). In fact, a thorough review of the relevant medical records demonstrates that the ALJ's characterization of Dr. Robinson's opinion lacks support in the record. To the contrary, the record supports the doctor's opined limitations. *See, e.g.*, Tr. 1089 (recommending watching sugar intake, exercise, new stop-smoking prescription, and discussing suicidal ideations); Tr. 1091 (opining mood that mood has been okay, recommending new medication for nightmares, increase in lower back pain); Tr. 1113–14 (expressing concern about memory and recommending testing for memory); Tr. 1116 (assessing major depression, type 2 diabetes, hypertension, and nicotine dependance); Tr. 1126 (recommending physiatry evaluation for back pain).

In sum, the ALJ failed to supply legally sufficient reasons for rejecting Dr. Robinson's medical opinion.[5]

---

[5] Plaintiff's argument that the ALJ failed to account for the opinions of non-examining DDS physicians and erred by not including any specific limitations on sitting, standing, or walking is foreclosed by the Ninth Circuit's decision in *Terry v. Saul*. 998 F.3d 1010, 1013 (9th Cir. 2021) ("There is no reason to think that the vocational expert was not familiar with Social Security Ruling 83-10 and the agency's longstanding interpretation of 'medium work.' We thus determine that the

**B.     Joselyn Salaz, QMHP, LPC, Ph.D.**

Dr. Salaz served as Plaintiff's treating mental health provider. Tr. 1041. In her February 2019 evaluation, Dr. Salaz reported seeing Plaintiff once or twice a month since April 2015. *Id.* The doctor diagnosed Plaintiff with PTSD, major depressive disorder (recurrent with psychotic features), generalized anxiety disorder, and panic disorder. *Id.* She also opined Plaintiff "would need several breaks over a two hour period due to hallucinations/panic/extreme anxiety . . . if other people are present." Tr. 1045.

The ALJ gave little weight to Dr. Salaz's opinion. Tr. 25. The Commissioner argues this was proper because Dr. Salaz's opinion (1) lacked support in the record; and (2) did not consider Plaintiff's substance use.

1.     <u>Inconsistency with the Medical Record</u>

The Commissioner argues that Dr. Salaz's opinion was inconsistent with the medical records, particularly with concentration and memory. Def.'s Br. 8. As the Commissioner correctly notes, inconsistency with medical evidence is a specific and legitimate reason to discount the opinions of sources who are not on the list of acceptable medical sources. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Here, however, the ALJ's rejection of Dr. Salaz's opinion was improper because the opinion was consistent with the medical record during the relevant period. For example, non-examining Drs. Johnson, Kehri, and Barsukov all opined that Plaintiff suffered from deficits in her memory and concentration. *See* Tr. 90 (Dr. Johnson), 123 (Dr. Kehri), 93 (Dr. Barsukov). Plaintiff's lay witness statement also explained that Plaintiff had limitations concentrating. Tr.

---

ALJ's reference to the term in his questioning of the expert sufficiently conveyed Terry's standing and walking limitations.").

303. Dr. Robinson, Plaintiff's primary care physician, opined that Plaintiff had a marked limitation in his "ability to maintain attention and concentration for extended periods." Tr. 1044. And mental health treatment notes also reflected that Plaintiff had serious memory issues. Tr. 400. As such, the medical record in this case was not a specific and legitimate reason to reject Dr. Salaz's opinion.

        2.     Substance Use

The Commissioner argues that discounting Dr. Salaz's opinion was proper because she did not appear aware of Plaintiff's substance abuse. Def.'s Br. 9. An ALJ may discount an examining physician's opinion based on erroneous facts. *Chaudhry v. Astrue*, 688 F.3d 661 (9th Cir. 2012). The Commissioner correctly highlights that Dr. Salaz did not specifically discuss Plaintiff's substance abuse in any treatment records. *See* Tr. 396–411, 821–42, 983–95, 1041–45. However, the treatment records that discuss Plaintiff's substance abuse, none discuss that the issue was related to his impairments. *See, e.g.*, Tr. 95, 428, 413, 417, 419, 422–26, 647, 731–33, 738. Moreover, the ALJ's own decision found that Plaintiff's "methamphetamine use and heroin use [were] not a contributing factor material to the determination of disability." Tr. 30. As such, the ALJ's rejection of Dr. Salaz's opinion based on an unrelated issue that the ALJ's own decision found immaterial was not a specific and legitimate reason to discount the opinion of Plaintiff's treating mental health provider.

    **C.**    **Crystal Hatton, QMHP.**

Qualified Mental Health Professional ("QMHP") Crystal Hatton served as one of Plaintiff's mental health providers. In May 2018, QMHP Hatton documented Plaintiff's ongoing suicidal ideations, visual hallucinations, and other serious mental health symptoms. Tr. 926.

QMHP Hatton diagnosed Plaintiff with depression with psychotic features and panic attacks. Tr. 927.

The ALJ failed to acknowledge QMHP Hatton's statements in the decision. *See* Tr. 22–28. The Commissioner argues this was proper because QMHP Hatton's opinion was (1) not a medically acceptable source under agency regulations; and (2) did not meet the definition of opinion.

### 1.    Medically Acceptable Source

The Commissioner asserts the ALJ was not required to even mention QMHP Hatton opinion simply because she was not a medically acceptable source under agency regulations. Def.'s Br. 12. The regulations set forth "guidelines for the Commissioner to follow when weighing conflicting opinions from acceptable medical sources, while containing no specific guidelines for the weighing of opinions from other sources. This permits the Commissioner to accord opinions from other sources less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970–71 (9th Cir. 1996).[6] Although an ALJ may discount "other sources" for germane reasons, opinions from "other sources" may still be used to show the severity of a person's impairment and how that affects that person's ability to work. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Put differently, although the ALJ was permitted to reject QMHP Hatton's opinion, the fact that QMHP Hatton is an "other source" was not itself a legally independent reason to reject QMHP Hatton's opinion.

---

[6] For claims filed on or after March 27, 2017, certain health care providers that were previously considered "non-acceptable" under SSR 06-03p (rescinded) now qualify as acceptable medical sources. *See* 20 C.F.R. §§ 416.902, 404.1502. Because Plaintiff's claim was filed before March 27, 2017, however, the old regulations found at 20 C.F.R. §§ 404.1527, 416.927 apply.

2.  Definition of Opinion

The Commissioner next asserts the ALJ properly ignored QMHP Hatton's statement because the statement fell short of the definition of an "opinion." Def.'s Br. 12. The assertion, however, is an impermissible *post hoc* rationalization this Court will not consider. *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

As such, the ALJ's implicit rejection of QMHP Hatton by failing to discuss the opinion was harmful error.

### III. Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021. "Serious doubt" can arise when there are "inconsistencies

between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. The ALJ failed to supply legally sufficient reasons for rejecting the medical opinions of Drs. Salaz and Robinson as well as QMHP Hatton's opinion. As to the second requisite, the record has been fully developed and further proceedings would not be useful. The VE testified that employers generally do not tolerate employees with absences in excess of two days per month. Tr. 56. Thus, fully crediting Dr. Robinson's opinion that Plaintiff's impairments would result in at least two absences per month, the third requisite is also satisfied because on remand the ALJ would be required to find Plaintiff disabled. Tr. 1048.

Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021). As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

///

///

///

///

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 3rd day of November 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
